JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARRY MILES

## DEFENDANTS
CANON SOLUTIONS AMERICA, INC.

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
TRACI M. GREENBERG, ESQUIRE, SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999 - N.J. ID # 029712000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | X 4 | 4 |
| Citizen of Another State | 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA Americans with Disabilities Act & NJLAD
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  DOCKET NUMBER

DATE: May 17, 2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Traci M. Greenberg, Esquire -NJ I.D. #029712000

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | | |
|---|---|---|
| **BARRY MILES,** | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| v. | : | |
| **CANON SOLUTIONS** | : | |
| **AMERICA, INC.,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Plaintiff Miles ("Plaintiff Miles"), a former employee of Defendant, Canon Solutions America, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of his employment.

2. This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"), the New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD"), and the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on the ADA and FMLA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Miles' claim arising under the NJLAD.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Miles' claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 9, 2018, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said notice.

6. This action has been filed within the two (2) year statutory period in accordance with the FMLA.

7. Plaintiff Miles has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

8. Plaintiff, Barry Miles ("Plaintiff Miles"), is a thirty (30) year old citizen of the State of New Jersey, residing therein at 15 Wilson Drive, Erial, New Jersey 08081.

9. Defendant, Canon Solutions America, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of New York, maintaining a place of business located at 300 Commerce Square Blvd., Burlington, New Jersey 08016.

10. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

11. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, NJLAD, and FMLA and has been, and is, subject to the provisions of each said Act.

### III. STATEMENT OF FACTS

12. Plaintiff Miles was employed by the Defendant from on or about June 2, 2014 until on or about March 27, 2017, the date of his unlawful termination.

13. During the course of his employment with Defendant, Plaintiff Miles held the position of Inbound Call Taker and at all times maintained a satisfactory job performance rating in that capacity.

14. Plaintiff Miles suffers from Anxiety and Moderate Major Depression. Said medical conditions are disabilities within the meaning of the ADA in that they substantially impair one or more of Plaintiff Miles' major life activities, including, but not limited to, sleeping, concentrating, and cognitive function.

15. Moreover, said medical conditions are disabilities within the meaning of the NJLAD in that they are mental disabilities that prevent the normal exercise of one or more of Plaintiff Miles' bodily or mental functions, including, but not limited to, sleeping concentrating, and cognitive function.

16. Significantly, Plaintiff Miles' disabilities cause him to suffer from panic attacks that, at times, require Plaintiff Miles to seek medical treatment at an emergency room.

17. In or about late January of 2017, Plaintiff Miles commenced a medical leave of absence from work as a reasonable accommodation for his disabilities. Annette Celentano ("Celentano"), Inventory Control Supervisor, approved Plaintiff Miles' request for medical leave and advised Plaintiff Miles that he would need to remain in contact with Defendant's Human Resources department, as well as his insurance provider, in order to qualify for approved leave. Although Defendant approved Plaintiff Miles' request for medical leave, Defendant failed to apprise Plaintiff Miles of his statutory right to take a medical leave of absence pursuant to the FMLA, thereby restraining Plaintiff Miles' ability to exercise his statutory rights pursuant to said Act.

18. Thereafter, and at all times, Plaintiff Miles complied with Celentano's instructions and continued to provide all requested medical documentation in support of his need for disability leave.

19. In connection thereto, Plaintiff Miles forwarded weekly excuse notes signed by his physician to the Defendant via facsimile and provided regular updates to Defendant on his present medical condition and anticipated return to work date.

20. Plaintiff Miles' physician cleared him to return to work on or about March 10, 2017.

21. On said date, Celentano interrogated Plaintiff Miles as to why he had been absent from work. Plaintiff Miles responded that he suffered from Anxiety and Moderate Major Depression. In response, Celentano barred Plaintiff Miles from returning to work until such time as he secured a note from his physician stating that he was able to return and whether he had any medical restrictions.

22. Immediately thereafter, Plaintiff Miles spoke with his physician's office to request the note required by Defendant in order to return to work. Plaintiff Miles' physician instructed Plaintiff Miles that he would need to schedule an appointment for an office visit in order to obtain the requested note. In the meantime, Plaintiff Miles' physician told Plaintiff Miles that she would fax another excuse note to Defendant in order to account for the time it would take to schedule the necessary appointment, the soonest of which he could schedule for March 14, 2017.

23. On or about March 13, 2017, Plaintiff Miles reported to Defendant's workplace to obtain clarification and specific instructions as to what information Defendant required from his physician as a prerequisite to his return to work.

24. Additionally on said date, Plaintiff Miles' physician called to notify Plaintiff Miles that she would need to postpone his appointment for the following day due to anticipated inclement weather until March 21, 2017.

25. In connection thereto, Plaintiff Miles promptly notified Defendant of his postponed doctor's appointment by leaving a voice mail message for Brian McKinley ("McKinley"), Human Resources Representative. Specifically, Plaintiff Miles informed McKinley that he would not be able to obtain the necessary note until March 21, 2017 and that he would need to remain on disability leave until said date, thereby requesting a brief extension of his medical leave as a reasonable accommodation for his disabilities.

26. On or about March 17, 2017, Plaintiff Miles received a letter from Defendant dated March 16, 2017 notifying him that Defendant accepted his "voluntary resignation," thereby denying Plaintiff Miles' request for a brief one week extension of medical leave as a reasonable accommodation for his disabilities. Significantly, at no time did Plaintiff Miles tender his resignation from employment with the Defendant.

27. Thereafter, on or about March 21, 2017, Plaintiff Miles attended his scheduled appointment with his physician and received the necessary documentation clearing him to return to work without any restrictions. Plaintiff Miles' physician sent Defendant a copy of said note via facsimile on said date. Additionally, Plaintiff Miles called Diana Linette ("Linette"), Human Resources Representative, to inform Defendant

that he had obtained the necessary medical clearance to return to work and that his physician had sent a copy to Defendant earlier that day.

28. For a week thereafter, Defendant ignored Plaintiff Miles' request, and medical clearance, to return to work.

29. Subsequently, on or about March 28, 2017, Defendant sent Plaintiff Miles a letter stating that his "voluntary resignation" had been accepted, effective March 27, 2017, allegedly due to three (3) "unexcused absences" from March 22, 2017 through March 24, 2017.

30. Plaintiff Miles believes and therefore avers that no legitimate business reason existed for his termination and that Defendant actually terminated his employment based on his actual and/or perceived disabilities and/or record of impairment (Anxiety and Moderate Major Depression) and/or in retaliation for requesting reasonable accommodations for his disabilities.

## COUNT I
### (ADA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Miles v. the Defendant

31. Plaintiff Miles incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Miles to discrimination based on his actual and/or perceived disabilities and/or record of impairment (Anxiety and Moderate Major Depression) and/or

to retaliation for requesting a reasonable accommodation for his disabilities, constituted a violation of the ADA.

33. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Miles sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

34. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Miles suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (NJLAD - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Miles v. the Defendant

35. Plaintiff Miles incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Miles to discrimination based on his actual and/or perceived disabilities and/or record of impairment (Anxiety and Moderate Major Depression) and/or to retaliation for requesting a reasonable accommodation for his disabilities, constituted a violation of the NJLAD.

37. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Miles sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

38. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Miles suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (FMLA)
### Plaintiff Miles v. the Defendant

39. Plaintiff Miles incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. Plaintiff Miles' Anxiety and Moderate Major Depression constituted serious health conditions as defined by the FMLA, thereby entitling him to the rights and protections of the FMLA.

41. The actions of the Defendant, through its agents, servants and employees, in restraining his ability to exercise his rights under the FMLA, ultimately resulting in the termination of his employment, constituted a violation of the FMLA.

42. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Miles' rights.

43. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Miles has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

44. Plaintiff Miles incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Miles requests that this Court enter judgment in his favor and against the Defendant and Order that:

a. Defendant compensate Plaintiff Miles for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Miles with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Miles punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Miles pre and post judgment interest, costs

of suit and attorney and expert witness fees as allowed by law;

  e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Miles demands a trial by jury.

        SIDNEY L. GOLD & ASSOC., P.C.

        **/s/Traci M. Greenberg, Esquire**

        TRACI M. GREENBERG, ESQUIRE
        NJ I.D. NO: 029712000
        1835 Market Street, Ste. 515
        Philadelphia, PA 19103
        215.569.1999
        tgreenberg@discrimlaw.net
        Attorney for Plaintiff

DATED: May 17, 2018

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 5/1/18

_Barry Miles_
BARRY MILES, PLAINTIFF