**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(Camden Vicinage)**

_____

BARRY MILES,                                  :
                                              :
            Plaintiff,                        :
                                              :        Civil Action No. 18-9336 (RMB) (JS)
      v.                                      :
                                              :
CANON SOLUTIONS AMERICA, INC.,                :
                                              :
            Defendant.                        :
_____:

### ANSWER AND DEFENSES OF CANON SOLUTIONS AMERICA, INC. TO PLAINTIFF BARRY MILES' COMPLAINT

Defendant Canon Solutions America, Inc. ("CSA" or "Defendant"), by its undersigned counsel, hereby responds to the allegations of Plaintiff Barry Miles' ("Plaintiff") Complaint ("Complaint") as follows:

## I.    PRELIMINARY STATEMENT

1.    CSA admits that Plaintiff filed this action seeking damages, attorneys' fees, and other relief.  CSA further admits that Plaintiff is a former employee of CSA.  CSA denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint and specifically denies that it engaged in any discriminatory and retaliatory actions or that such actions resulted in the termination of Plaintiff's employment.  CSA further denies that Plaintiff is entitled to any relief whatsoever in this action.

2.    CSA admits only that Plaintiff purports to bring this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, _et. seq._ ("ADA"), the New Jersey Law Against Discrimination, N.J. Stat. § 10:5-1, _et. seq._ ("NJLAD"), and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").  CSA denies, however, that it violated any of these statutes as

it pertains to Plaintiff or his employment with CSA and further denies that Plaintiff is entitled to any relief whatsoever under these statutes.

## II.   <u>JURISDICTION AND VENUE</u>

3.     CSA admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the referenced statutes, but denies that Plaintiff is entitled to any relief whatsoever in this action.

4.     CSA admits that Plaintiff seeks to invoke venue pursuant to the referenced statute, but denies that Plaintiff is entitled to any relief whatsoever in this action.

5.     CSA is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     CSA is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.     The allegations contained in Paragraph 7 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required and CSA denies them on that basis.

## III.   <u>PARTIES</u>

8.     CSA is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.     CSA admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required and CSA denies them on that basis.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required and CSA denies them on that basis.

## IV.    <u>STATEMENT OF FACTS</u>

12.    CSA denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, except CSA admits that Plaintiff was employed by CSA from about June 2, 2014 until March 27, 2017.

13.    CSA denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, and avers that CSA hired Plaintiff as a Customer Communications Representative and he held that position until about October 18, 2015.  On October 19, 2015, CSA promoted Plaintiff to Inventory Control Administrator.  CSA specifically denies that Plaintiff maintained a satisfactory job performance when he held the position of Inventory Control Administrator.

14.    CSA is without sufficient information to admit or deny that Plaintiff suffers from Anxiety and Moderate Major Depression and therefore denies the same.  The remainder of Paragraph 14 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required and CSA denies them on that basis.

15.    The allegations contained in Paragraph 15 state legal conclusions to which no responsive pleading is required and CSA denies them on that basis.

16.    CSA is without sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

17.    CSA denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, except admits only that in January 2017 Plaintiff contacted CSA's third-party leave administrator, Prudential, and requested a leave of absence.

18.    CSA denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    CSA denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     CSA denies the allegations contained in Paragraph 20 of Plaintiff's Complaint, and avers that Plaintiff appeared at CSA's Burlington office worksite on March 10, 2017 without notice and without having first contacted Human Resources.  CSA further avers that Plaintiff did not provide a physician's note releasing him to return to work with or without restrictions.

21.     CSA denies the allegations in Paragraph 21 of Plaintiff's Complaint, and avers that Plaintiff appeared at CSA's Burlington office worksite on March 10, 2017 without notice and without a physician's note releasing him to return to work with or without restrictions.  On that date, he was reminded by CSA Human Resources personnel that pursuant to company policy, before resuming his duties, Plaintiff needed to submit a note from his physician stating that he was able to return to work with or without medical restrictions.

22.     CSA is without sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     CSA denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     CSA is without sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.     CSA denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     CSA denies the allegations contained in Paragraph 26 of Plaintiff's Complaint, except admits that CSA sent a letter to Plaintiff dated March 16, 2107.  To the extent the allegations contained in Paragraph 26 of Plaintiff's Complaint refer to the contents of that letter, it is a written document that speaks for itself and CSA refers to the letter for the contents thereof. CSA further specifically denies that the March 16, 2017 letter prevented Plaintiff from requesting a "brief one-week extension of medical leave as a reasonable accommodation for his

disabilities," or that Plaintiff communicated with CSA at all between March 10 and March 21, 2017.

27.     CSA is without sufficient information or knowledge to admit or deny the allegation that Plaintiff attended his scheduled appointment with his physician on March 21, 2017 and therefore denies the same.  CSA admits only that it received a note on March 21, 2017 from Plaintiff's physician releasing Plaintiff to return to work without any restrictions.  CSA denies that Plaintiff called Diana Linett or had any contact whatsoever with any CSA Human Resources employee or manager.

28.     CSA denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and avers that Plaintiff failed to return to work despite his doctor's release to return to work with no restrictions

29.     CSA denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, except admits that on or about March 28, 2017 it sent Plaintiff a letter and refers to that letter for the contents thereof.

30.     CSA denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## <u>COUNT I</u>

**(ADA – Actual and/or Perceived Disability and/or
Record of Impairment Discrimination, Retaliation)
Plaintiff Miles v. the Defendant**

31.     CSA incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 30 above.

32.     CSA denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     CSA denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     CSA denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever on any of his claims and respectfully requests that this Court enter judgment in its favor and against Plaintiff on Count I of Plaintiff's Complaint, and grant Defendant such other relief as this Court may deem appropriate.

**COUNT II**

**(NJLAD – Actual and/or Perceived Disability and/or
Record of Impairment Discrimination, Retaliation)
Plaintiff Miles v. the Defendant**

35.     CSA incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 34 above.

36.     CSA denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     CSA denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     CSA denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever on any of his claims and respectfully requests that this Court enter judgment in its favor and against Plaintiff on Count II of Plaintiff's Complaint, and grant Defendant such other relief as this Court may deem appropriate.

**COUNT III**
**(FMLA)**
**Plaintiff Miles v. the Defendant**

39.     CSA incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 38 above.

40.     CSA is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint that Plaintiff suffered from Anxiety and Major Moderate Depression and therefore CSA denies the same.  The remaining

allegations contained in Paragraph 40 of Plaintiff's Complaint state legal conclusions to which no responsive pleading is required and therefore CSA denies them on that basis.

41.     CSA denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     CSA denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     CSA denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever on any of his claims and respectfully requests that this Court enter judgment in its favor and against Plaintiff on Count III of Plaintiff's Complaint, and grant Defendant such other relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

44.     CSA incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 43 above.

In response to Plaintiff's WHEREFORE clause, CSA denies that Plaintiff is entitled to any relief set forth in parts (a)-(e) of the WHEREFORE clause.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following defenses undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.  In addition to the defenses asserted below, Defendant specifically reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation.  As defenses and affirmative defenses, CSA alleges as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to alleges facts sufficient to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

**THIRD DEFENSE**

CSA is not liable for the conduct of non-managerial employees or the conduct of managerial employees acting outside the scope of their employment duties.

**FOURTH DEFENSE**

CSA did not take any adverse employment action against Plaintiff out of any improper or unlawful motivation.

**FIFTH DEFENSE**

Some or all damages allegedly sustained by Plaintiff were caused or contributed to by his own conduct or by other intervening or supervening causes over which CSA had no control and which cannot be the basis for any liability.

**SIXTH DEFENSE**

CSA did not aid, abet, ratify, condone, encourage or acquiesce in any unlawful conduct alleged in the Complaint.

**SEVENTH DEFENSE**

Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages. CSA is entitled to a set-off for any and all amounts which Plaintiff has earned or could have earned in mitigation of his claimed damages.

**EIGHTH DEFENSE**

CSA acted reasonably and in good faith at all material times herein. Accordingly,

Plaintiff is barred, in whole or in part, from any recovery of damages.

**NINTH DEFENSE**

CSA acted in good faith and without any malice or reckless disregard for Plaintiff's rights

and, therefore, Plaintiff is not entitled to any punitive damages.

**TENTH DEFENSE**

Plaintiff did not suffer damages.  If Plaintiff did suffer damages, CSA was not the

proximate cause of some or all of those damages.

**ELEVENTH DEFENSE**

Plaintiff was discharged for cause as a result of violating the terms of a non-

discriminatory CSA policy.

**TWELFTH DEFENSE**

Plaintiff is not entitled to attorneys' fees and costs.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested.

**FOURTEENTH DEFENSE**

CSA exercised reasonable care to prevent, avoid and/or correct any harmful, wrongful or

unlawful conduct towards Plaintiff, the existence of which is expressly denied.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages because CSA did not act with malicious or

reckless indifference.

WHEREFORE, Defendant CSA denies all liability on all claims asserted by Plaintiff and respectfully requests an entry of judgment in its favor, dismissing Plaintiff's Complaint in its entirety with prejudice and awarding to CSA its reasonable attorney's fees, costs and expenses incurred in defense of Plaintiff's Complaint.

Respectfully submitted,

**GREENBERG TRAURIG LLP**

Dated: July 26, 2018

*/s/ Kelly Dobbs Bunting*
Kelly Dobbs Bunting
Adam R. Roseman
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
T: 215.988.7858
F: 215.988.7846
buntingK@gtlaw.com
rosemana@gtlaw.com

*Attorneys for Defendant*

10

## <u>CERTIFICATE OF SERVICE</u>

I, Adam R. Roseman, hereby certify that on the 26th day of July 2018, I served a true and correct copy of the foregoing Answer and Defenses to Plaintiff's Complaint, by this Court's electronic filing system, on the following counsel of record:

Traci M. Greenberg
Law Offices of Sidney L. Gold & Associates
1835 Market Street, Ste. 515
Philadelphia, PA 19103
215.569.1999
tgreenberg@discrimlaw.net

*Attorney for Plaintiff*


/s/ Adam R. Roseman_____
Adam R. Roseman