IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| BARRY MILES,<br><br>           Plaintiff,<br><br>   v.<br><br>CANON SOLUTIONS AMERICA, INC.,<br><br>           Defendants. | Civil No. 18-9336 (RMB/JS)<br><br>**OPINION** |

    This matter comes before the Court upon Magistrate Judge Schneider's Report and Recommendation [Dkt No. 37] recommending that the Court grant Defendant's unopposed motion to dismiss this case as a sanction for Plaintiff's serial failures to obey Judge Schneider's orders to appear and prosecute this case.

    The parties were duly notified that objections to the Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(2) and Local Civil Rule 72.1(c)(2) were to be filed within 14 days.  No objections or responses were filed.

    The Court has given "reasoned consideration" to the Report and Recommendation pursuant to <u>Equal Employment Opportunity Comm'n v. City of Long Branch</u>, 866 F.3d 93, 100 (3d Cir. 2017)[1],

---

[1] Fed. R. Civ. P. 72(b)(3) provides that "[t]he district judge must determine de novo any part of a magistrate judge's

and agrees with Judge Schneider's conclusion that an application of the Poulis factors to this case supports dismissal of the case. In particular, this Court agrees with Judge Schneider's finding that "there is no indication in the record that plaintiff wishes to pursue [this] case." [Dkt. No. 37, Report & Recommendation, p. 7] Accordingly, the Court adopts the Report and Recommendation.

An appropriate Order accompanies this Opinion.

September 20, 2019                    s/ Renée Marie Bumb
                                      _____
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE

---

disposition that has been properly objected to." The Rule is silent as to what level of review must be afforded to a disposition that has not been objected to. The Third Circuit has instructed that in such situations the district judge should conduct a "'reasoned consideration'" review. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).